In re ST. CROIX HOTEL CORPORATION, Debtor.

**Bankruptcy No. B–81–00003.**

Bankruptcy Court,
Virgin Islands, D. St. Croix.

Feb. 26, 1982.

Robert H. Ruskin, Christiansted, St. Croix, V. I., for debtor.

Deana M. Bolling, Christiansted, St. Croix, V. I., for respondent, Local 610.

## MEMORANDUM AND ORDER

ALMERIC L. CHRISTIAN, Chief Judge.

Styling its motion as a request for an order approving rejection by it of a collective bargaining agreement with Local 610 of the Hotel and Restaurant Employees and Bartenders Union (hereinafter the "Union"), debtor, St. Croix Hotel Corporation is before the Court, relying for surcease of its woes, largely anticipated at this juncture, on the provisions of 11 U.S.C. § 365. A hearing was held on said motion on February 12, 1982, and testimony and argument was heard from both the debtor and the Union. Upon full consideration thereof, the Court concludes that the relief the debtor seeks is not Court approval of a rejection of a collective bargaining agreement, as such agreement expired on September 30, 1981, but rather a ruling that the debtor may terminate its collective bargaining with the Union. Relief will be denied.

The relevant facts of the instant case are as follows. Prior to the institution of this bankruptcy proceeding, the employees of St. Croix by the Sea Hotel (hereinafter "Hotel") selected the Union as their collective bargaining representative. The Union negotiated a collective bargaining agreement which covered the terms and working conditions of the employees. That agreement expired on September 30, 1981.

On April 21, 1981 St. Croix Hotel Corporation, the operator of the Hotel, filed a petition in bankruptcy for a voluntary Chapter 11 reorganization. The debtor continued to operate the Hotel until December 20, 1981, when the Hotel was temporarily closed. During the period from September 30, 1981 until December 20, 1981, the terms and conditions of employment of the Hotel employees were governed by the terms of the expired collective bargaining agreement. Upon closing, the debtor laid off the majority, if not all, of its employees.

The debtor plans to reopen the Hotel in March or April of this year and contemplates rehiring all its former employees. The debtor has negotiated with the Union for a new collective bargaining agreement to cover the terms and working conditions of the employees when the Hotel reopens. The debtor and the Union have come to an agreement on all terms except for the issues of seniority and super-seniority. The Union insists that the seniority and super-seniority provisions from the old collective bargaining agreement must be included in the new agreement, while the debtor insists that the inclusion of those provisions would have a detrimental effect on its attempts to reorganize, as debtor would be hampered in terminating the employment of inefficient personnel.

Turning to the legal issues, the debtor has argued that the provisions of 11 U.S.C. § 365(a) give it the right to reject its obligation to bargain collectively with the Union, as the provisions the Union seeks to include in the new agreement would be burdensome to the debtor. The debtor also supports its request for relief with the argument that the cost of protracted labor negotiations would hamper reorganization and might delay the reopening of the Hotel. In our view, debtor has misconstrued 11 U.S.C. § 365(a).

The provisions in pertinent part, of 11 U.S.C. § 365(a) are:

"[T]he trustee,[1] subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

It is settled law that 11 U.S.C. § 365(a) permits a debtor to reject a collective bargaining agreement upon a showing that the agreement is financially burdensome,[2] without regard to the termination restrictions of the National Labor Relations Act, codified at 29 U.S.C. § 158(d). *See 2 Collier on Bankruptcy* ¶ 365.03 (15th ed. 1981). *See also Shopmen's Local Union No. 455 v. Kevin Steel Products, Inc.*, 519 F.2d 698 (2nd Cir. 1975) (interpreting § 313(1) of the Bankruptcy Act, the rejection provision in the former bankruptcy law). The reason a debtor is exempt from the labor act termination provisions is that the debtor is not a "party" to a collective bargaining agreement between the pre-bankruptcy petition employer and a union, within the meaning of 29 U.S.C. § 158(d). Upon the filing of a bankruptcy petition, a new entity, the trustee or debtor-in-possession takes over the operation of the debtor's pre-existing business.

However, a debtor, as a new entity, is not otherwise immunized from the provisions of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* The debtor, just as any other employee, is prohibited from committing "unfair labor practices." *See 6–Pt. 2 Collier on Bankruptcy* ¶ 8.14[2] (14th ed. 1978); *N.L.R.B. v. Baldwin Locomotive Works*, 128 F.2d 39, 43 (3rd Cir. 1942).

One of the duties that may be imposed upon a debtor, by the National Labor Relations Act, is the duty pursuant to 29 U.S.C. § 158(d) to bargain collectively in "good faith" with a union that represents the majority of its employees. *See Kevin Steel, supra,* at 704; *Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees v. REA Express, Inc.*, 523 F.2d 164, 171 (2nd Cir. 1975). The United States Supreme Court has held that a successor entity, to an employer who had a duty to bargain collectively with a union, will similarly be required to bargain collectively if the employee bargaining unit remains unchanged, and if a majority of the former employees are hired by the new entity. *N.L.R.B. v. Burns International Security Services, Inc.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972). *See also* Note, *The Bargaining Obligations of Successor Employers*, 88 Harv.L.Rev. 759 (1975) (discusses the application of the holding in *Burns*).

On the facts before us, it appears that the debtor in the instant case meets the *Burns* test. The debtor has admitted that the pre-bankruptcy employer would have been obligated to bargain with the Union and that the debtor plans to rehire all of its former employees. It also seems that the bargaining unit will remain unchanged as the debtor did not testify, at the hearing before this Court, that the employees' job classifications and duties would change substantially when the Hotel reopens. *See 4 Kheel, Labor Law* § 17.03[1][c] (1981). Thus, on the facts before the Court, the debtor has the obligation to meet with the Union "at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment." 29 U.S.C. § 158(d).[3]

We conclude that neither the statutory language of 11 U.S.C. § 365(a), nor any other authority, supports the proposition that the debtor has the right to reject

---

1. A "debtor-in-possession" is synonymous with "trustee" for the purposes of 11 U.S.C. § 365(a).

2. *But see 2 Collier on Bankruptcy* ¶ 365.03 at 365–18 (15th ed. 1981). "Although a mere showing that rejection would improve the financial condition of the debtor did not suffice under the Act, the result may be different under the Code due to the failure of Congress to incorporate a requirement of burdensomeness into section 365."

3. Our finding that the debtor has the duty to bargain with the Union should not be construed as limiting the debtor from subsequently asserting that it has no duty to bargain. For example, changed circumstances could cause the debtor to have a "good faith doubt" as to the Union's continued majority status in the Hotel workforce. *See* discussion in Kheel, *supra,* at § 17.03[2][b].

its obligation to bargain collectively with the Union. However, this does not mean that the debtor must bargain with the Union indefinitely, accept the Union's proposals regarding seniority and super-seniority, or sign a new collective bargaining agreement. Although 29 U.S.C. § 158(d) requires an employer to bargain in "good faith", it also states that "such obligation does not compel either party to agree to a proposal or require the making of a concession." If the debtor fulfills its duty to bargain in good faith, and fails to come to an agreement with the Union,[4] the debtor has the right to individually negotiate new terms of employment with its Hotel employees, although such action may cause labor unrest and lead to forms of concerted activity, including picketing. *See generally Petrusch v. Teamsters*, 667 F.2d 297 (2nd Cir. 1981) (bankruptcy judge can not enjoin labor picketing of a Chapter 13 debtor's business as Norris—La Guardia Act expressly prohibits such injunctions).

In summary, the Bankruptcy Code does not give a debtor the right to terminate any obligation it may have under law to bargain with union representatives. Part of the process of reorganization under Chapter 11 is reaching a consensus with the employees on the terms and conditions of employment, within the framework provided by the various labor laws.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of debtor, St. Croix Hotel Corporation for approval of its rejection of its obligation to bargaining collectively with local 610 of the Hotel and Restaurant Employees and Bartenders Union be, and the same is hereby, DENIED.

---

4. Although the debtor may unilaterally determine when it has fulfilled its duty to bargain, if the Union does not agree with the debtor's assessment, it may file a complaint with the National Labor Relations Board alleging an unfair labor practice. *See* 29 U.S.C. § 160.